NS/AB:KDE
F.#2016R01759

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                              Docket Nos.  16-CR-554 (DLI)
                                                                                                                 19-CV-4149 (DLI)

JEFF ROSELIEN,

              Defendant.

- - - - - - - - - - - - - - - - - -X

MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANT'S MOTION FOR A WRIT OF *HABEAS CORPUS*

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Keith D. Edelman
Assistant U.S. Attorney
    (Of Counsel)

**PRELIMINARY STATEMENT**

The government respectfully submits this memorandum of law in opposition to the defendant Jeff Roselien's motion for a writ of habeas corpus. As set forth below, the defendant participated in a string of violent gunpoint robberies in Brooklyn. After being indicted, the defendant pleaded guilty to one count of Hobbs Act robbery conspiracy and unlawful possession of a firearm, in violation of 18 U.S.C. § 924(c), relating to one of the robberies. As part of his plea agreement, the defendant admitted his role in additional robberies, and the government agreed not to charge him with more offenses relating to those crimes. Following his plea, sentencing and direct appeal, the Supreme Court held that Section 924(c)(3)(B)'s residual clause was void for vagueness in Davis v. United States, 139 S. Ct. 2319 (2019). The defendant now seeks to invalidate his Section 924(c) conviction because the underlying crime, Hobbs Act conspiracy, may no longer be considered a crime of violence.

As part of his bargain with the government, however, the defendant waived any challenges to his conviction, which forecloses the instant Davis claim. The defendant's related ineffective assistance of counsel claims – which are not barred by his plea agreement – are nonetheless meritless because any challenge to the Section 924(c) charge would have been futile under then binding precedent and, even if successful, would have resulted in the filing of a substantive Hobbs Act robbery charge, which is categorically a crime of violence. In addition, the defendant's plea agreement afforded him protection from prosecution for the other, uncharged robberies. Accordingly, the defendant cannot establish either deficient performance by counsel or prejudice. Therefore, the petition must be denied.

## BACKGROUND

The defendant was the getaway driver for a robbery crew that in the summer and fall of 2016 targeted pharmacies in Brooklyn. As part of his plea agreement, the defendant admitted his involvement in four gun-point pharmacy robberies:

(1) the August 16, 2016 robbery of Mill Basin pharmacy on Avenue T;

(2) the September 8, 2016 robbery of This Way pharmacy on Quentin Road;

(3) the September 13, 2016 robbery of Living Word pharmacy on Utica Avenue; and

(4) the September 27, 2016 robbery of Mill Park pharmacy on Avenue U.

(See Presentence Investigation Report ("PSR") ¶¶ 5-13). Each robbery was brazen, conducted during daylight, and involved brandishing a firearm at innocent workers or customers. And each involved the crew's attempt to obtain prescription drugs. During these robberies, the defendant acted as the getaway driver, using the car of his child's mother.

For the last robbery, on September 27, 2016, the defendant drove three of his co-defendants (Gregory St. Juste, Max Narcisse, Jr. and Wensley Paul) to the Mill Park Pharmacy, located at 6602 Avenue U in Brooklyn, New York. (See PSR ¶ 11.) Upon entering the pharmacy, St. Juste pulled out a firearm and forced a store clerk to go behind a counter, demanding to know where the "oxy" was. (See id.) St. Juste threatened to shoot the clerk if he did not obey his instructions. (See id.) Narcisse then proceeded to go behind the counter to the cash register and placed cigarettes, cash and other items into a backpack. (See id.) He also stole an employee's pocketbook. (See id.) After a few minutes, the three individuals left the store and ran into a nearby Nissan Altima driven by the defendant. (See id.)

Shortly after leaving the scene, New York City Police Department officers pulled over the Nissan Altima for a traffic violation, as the car had been associated with at least three prior pharmacy robberies. (See PSR ¶ 12.) Officers removed the defendants and, under the front passenger seat (where St. Juste was sitting), recovered the firearm used in the robbery, which was a stolen, loaded Taurus Pro .45 caliber pistol. (See id. ¶ 12.) Officers also recovered numerous items of clothing that had been worn during the robbery as well as the stolen merchandise, including $305 in cash, a wallet, a cellular telephone, a pocketbook, 20 packs of cigarettes and other items. (See id.) The defendant was indicted and charged in Count One with Hobbs Act robbery conspiracy relating to the robbery of Mill Park Pharmacy, and charged in Count Two with unlawful possession and brandishing a firearm, in violation of 18 U.S.C. § 924(c). (See id. ¶ 1.)

On November 15, 2017, the defendant pleaded guilty pursuant to a plea agreement to both counts of the Indictment. (See PSR ¶ 1.) As part of his agreement, the defendant admitted his involvement in the additional gun-point robberies set forth above. (See id. ¶ 4.)

On May 21, 2018, the Court sentenced the defendant principally to a total of 120 months' imprisonment. See Judg., ECF Dkt. Entry No. 74. On June 18, 2018, the defendant filed a notice of appeal. See ECF Dkt. Entry No. 76. Because the defendant had agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a sentence of 180 months or below," Plea Agmt. ¶ 4, the government moved to dismiss the

4

defendant's appeal. On February 6, 2019, the Second Circuit granted the motion and dismissed the appeal. See ECF Dkt. Entry No. 93.

On July 16, 2019, the defendant filed pro se the instant motion for a writ of habeas corpus, claiming, among other things, that his conviction for unlawful use of a firearm must be dismissed in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(B)'s residual clause is void for vagueness. See Pet., ECF Dkt. Entry No. 100.

## ARGUMENT

I. Legal Standards

    A. Habeas Corpus Petitions

Title 28, U.S.C., § 2255 allows federal prisoners to challenge the constitutionality of their sentences. This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To qualify for relief under § 2255, it is the petitioner's burden to show "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). Despite the existence of a number of procedural bars as to certain other claims, "[a]n ineffective-assistance-of-counsel claim may be brought

5

in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

In considering a § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Second Circuit has interpreted § 2255 "as requiring a hearing in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel." Morales v. United States, 635 F.3d 39, 45 (2d Cir.2011) (quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir.2009)). The court must then determine whether, viewing the record "in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief." Puglisi, 586 F.3d at 213. However, "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." United States v. Aiello, 814 F.2d 109, 113-14 (1987); Haouari v. United States, 510 F.3d 350, 354 (2d Cir. 2007).

"Case law makes clear that a waiver of the right to bring a motion to vacate under section 2255 is enforceable so long as the petitioner's waiver is knowing and voluntary." Grant v. United States, 2012 WL 163780, at *1 (S.D.N.Y. Jan. 19, 2012) (report and recommendation) (citing cases), adopted by 2012 WL 1228091 (S.D.N.Y. Apr. 6, 2012). Such waivers "may be upheld 'even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement.'" Trafficante v. United States, 2016 WL

6

7409775, at *3 (S.D.N.Y. Nov. 29, 2016) (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)); see also Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) ("A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."); Alshalabi v. United States, 2012 WL 727911, at *4 (E.D.N.Y. Mar. 6, 2012) ("Under established Second Circuit law, a defendant's waiver, as part of a written plea agreement, of his right to appeal or collaterally challenge a sentence within an agreed upon guideline range is enforceable, provided the waiver and plea were knowing and voluntary.").

B. Ineffective Assistance of Counsel Claims

Under Strickland v. Washington, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, the petitioner must meet both requirements of a two-pronged test. First, he must demonstrate that counsel's performance, measured by an "objective standard of reasonableness," was "deficient" in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Second, he must show prejudice, specifically, a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 696-97.

In assessing the reasonableness of counsel's performance, judicial scrutiny "must be highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v.

7

Louisiana, 350 U.S. 91, 101 (1955)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances," Kimmelman v. Morrison, 477 U.S. 365, 381 (1986), "bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689) (brackets omitted). Because there are many ways to provide effective assistance in any case, see Strickland, 466 U.S. at 689, the lack of success of a chosen strategy should not cause a court to second-guess an attorney's judgments, see Cuevas v. Henderson, 801 F.2d 586, 590 (2d Cir. 1986).

To establish prejudice, the petitioner must demonstrate not just "some conceivable effect," Strickland, 466 U.S. at 693, but rather, as noted above, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Where a defendant obtains the benefit of a reduced sentence as part of a plea bargain, this may demonstrate the absence of prejudice. See Cusano v. United States, 2007 WL 4142771, at *3 (S.D.N.Y. Nov. 16, 2007) (finding no prejudice where the defendant "received a significant strategic benefit for pleading guilty, namely a sentence of 168 to 192 months-a range substantially less than the mandatory minimum (240 months) that he faced if convicted of the charges in the initial Indictment").

The Court in deciding an ineffective assistance of counsel claim need not address both prongs of the Strickland inquiry if the petitioner makes an insufficient showing on either one. See Strickland, 466 U.S. at 697; Swerbilov v. United States, 2005 WL 1177938, at *3 (E.D.N.Y. May 18, 2005). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also Carneglia v. United States, 2006 WL 148908, at *4 (E.D.N.Y. Jan. 18, 2006).

Furthermore, a district court may summarily dismiss a § 2255 petition where the petitioner submits an insufficient affidavit or fails to raise detailed and controverted issues of fact. "Courts routinely hold that where 'allegations with regard to alleged counsel's errors in pre-trial preparation and investigation and trial advocacy are 'vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source,'" ineffective assistance of counsel claims cannot be established. Foxworth v. United States, 2011 WL 3041057, at *4 (D. Conn. Jul. 25, 2011) (quoting Vasquez v. United States, 1997 WL 148812, at *12 (S.D.N.Y. Mar. 28, 1997)). See Davison v. United States, 2001 WL 883122 at *8 (S.D.N.Y. Aug. 3, 2001) ("[B]lanket assertions against his trial counsel's performance in a self-serving affidavit," in the absence of objective evidence to support the petitioner's claim, were insufficient.). And where a defendant who pleaded guilty challenges the effective assistance of counsel he received, if the "record clearly establishes that [the defendant] entered into the plea agreement knowingly and voluntarily" and those "sworn statements" "directly contradict[ed] his more recent self-serving allegations," the petition must be dismissed. Chen v. United States, 2007 WL 4358466 at *3 (S.D.N.Y. Dec. 7, 2007);

9

see also Sweeney v. United States, 2016 WL 1275619, at *2 (E.D.N.Y. Mar. 31, 2016) (rejecting § 2255 claim where the petitioner's "sworn statements at his plea proceeding preclude his argument that he believed counsel's performance was deficient"); see also United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001) (rejecting ineffective assistance claim on direct appeal where the defendant's "factual assertions regarding his counsel's alleged ineffectiveness simply contradict his sworn statements at the plea allocution").

II.    Analysis

The defendant raises two categories of claims in support of the instant petition: (1) that his conviction for unlawful brandishing of a firearm must be vacated in light of Davis, which held that Section 924(c)(3)(B)'s residual clause was void for vagueness; and (2) that his trial counsel and appellate counsel were constitutionally ineffective for failing to foresee Davis and attempt to have Count Two dismissed, instead securing a plea agreement with the government. As set forth below, the defendant waived his right to challenge any non-ineffective assistance of counsel claims as part of his plea, and therefore his due process claim must be rejected. In addition, the defendant cannot establish that he received ineffective assistance of counsel because by foregoing any potential Davis claim—which, at the time, was foreclosed by Second Circuit precedent—the government agreed not to charge the defendant with additional counts of Hobbs Act robbery, conspiracy and unlawful possession of a firearm relating to additional robberies that would have subjected the defendant to extremely enhanced penalties. Accordingly, the defendant cannot establish

deficient performance or prejudice, and therefore his ineffective assistance claims are without merit and should be rejected without a hearing.

   A. <u>The Defendant Waived His Due Process Challenge</u>

   In his plea agreement, the defendant agreed not to appeal or "otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 180 months or below." Plea Agmt. ¶ 4. Because the Court sentenced the defendant to a total of 120 months' imprisonment, the defendant waived any claim that his § 924(c) conviction violates due process under <u>Davis</u>, and therefore this portion of the petition should be denied. <u>See</u> Pet. at 7.

   A "defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." <u>Sanford</u>, 841 F.3d at 580 (citing <u>United States v. Gomez-Perez</u>, 215 F.3 315, 318 (2d Cir. 2000); <u>Tellado v. United States</u>, 745 F.3d 48 (2d Cir. 2014)). The Second Circuit has previously upheld collateral review waivers of challenges based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson II</u>"), which held that the Armed Career Criminal Act's residual clause was void for vagueness. <u>See, e.g.</u>, <u>Sanford v. United States</u>, 841 F.3d 578, 580-81 (2d Cir. 2016) (per curiam) (upholding collateral review waiver to <u>Johnson II</u> challenge to sentence). Accordingly, the defendant's waiver here also applies to any claim under <u>Davis</u> that Section 924(c)(3)(B)'s residual clause is void for vagueness.

   This is true even though <u>Davis</u> was decided in June 2019, after the defendant's guilty plea. That is because a "defendant's 'inability to foresee [a change in the law] does

11

not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in law after a plea is simply one of the risks that accompanies pleas and plea agreements." Sanford, 841 F.3d at 580 (citing United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008) (quoting United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005))).

There are narrow "exceptions to the presumption of the enforceability of a waiver," including when the waiver was not made knowingly, voluntarily and competently, when the sentence was imposed based on a constitutionally impermissible factor, such as ethnic, racial or other prohibited biases, when the government breaches the plea agreement or when the sentencing court failed to enunciate any rationale for the defendant's sentence. Id. at 580 (quoting Gomez-Perez, 215 F.3d at 319); see also United States v. Lloyd, 901 F.3d 111, 124 n.11 (2d Cir. 2018) (finding that broad appellate waiver that waived, without qualification, right to appeal the conviction or a sentence below a specified term was enforceable even after Class v. United States, 138 S. Ct. 798 (2018)). But none of those considerations is applicable here. To the contrary, the record demonstrates that the defendant's waiver of his right to appeal or collaterally challenge his conviction was knowing and voluntary. For one thing, the Court ensured that as part of his plea, the defendant knowingly and voluntarily waived his rights to collaterally attack his conviction or sentence. See Plea Hr'g Tr., ECF Dkt. Entry No. 89, at 18:13-23 (statement of the Court that "[b]y pleading guilty and by entering into the plea agreement that is before the court, you will have waived, or given up, your right to appeal or to collaterally attack all or part of the sentence that I will impose, if I should impose a term of imprisonment of 180 months or something less than that," which the defendant stated he understood). In addition, the

defendant cannot establish that he is "actually innocent"—which might excuse a collateral waiver—because, as part of the plea agreement, the government agreed to not charge the defendant with the additional robberies and associated firearms charges to which he admitted. See Bousley v. United States, 523 U.S. 614, 624 (1998) ("In cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must extend to those charges.").

Accordingly, the defendant has waived his claim that his Section 924(c) conviction violates Due Process under Davis, and therefore the Court should deny this portion of his petition.

        B.        The Defendant's Ineffective Assistance of Counsel Claims Are Meritless

The defendant's plea agreement states that "[n]othing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum." Plea Agmt. ¶ 4. Accordingly, the government addresses the remainder of the defendant's petition, which raises two claims of ineffective assistance of counsel. See Pet. at 4-6.

Specifically, the defendant claims that his counsel erred both at the district court level and on appeal by failing to challenge his § 924(c) conviction in Count Two for brandishing a firearm in connection with the Mill Park pharmacy robbery. Specifically, the defendant claims that counsel improperly did not (1) "challenge [his] guilty plea to an unconstitutionally vague law under Class v. United States . . . when an obvious circuit split was apparent and developing recognizing that Johnson (ACCA) applied to § 924(c)" and therefore his conviction on Count Two; and (2) raise on appeal a vagueness challenge to his

13

conviction on Count Two. (Pet. at 5-6). Although these claims are not waived, neither claim has merit and therefore both should be denied.

<u>First</u>, at the time of the defendant's guilty plea and direct appeal, controlling Second Circuit precedent foreclosed any challenge to the validity of the Section 924(c) charge alleged in Count Two because Hobbs Act robbery conspiracy, as charged in Count One, was categorically a crime of violence under the residual clause of Section 924(c)(3)(B). <u>See generally</u> <u>United States v. Barrett</u> ("<u>Barret I</u>"), 903 F.3d 166 (2d Cir. 2018), <u>vacated</u>, 139 S. Ct. 2774 (2019). Indeed, the Second Circuit's initial decision in <u>Barrett I</u>—which expressly rejected the void for vagueness challenge to the residual clause—was decided even after the defendant's direct appeal was filed. Moreover, the Circuit's decision in <u>Barrett I</u> indicated that to decide whether a predicate offense constitutes a crime of violence under Section 924(c)(3), the factfinder could assess that conduct—an approach the <u>Davis</u> court indicated solved constitutional concerns but was not permitted by the text of the statute, <u>see</u> 139 S. Ct. at 2327. Therefore, counsel at both the district court and appellate levels was not ineffective in failing to foresee <u>Davis</u>, which overruled <u>Barrett I</u>. <u>See</u> <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994) ("Counsel is not required to forecast changes in the governing law."); <u>see also</u> <u>Horne v. Trickey</u>, 895 F.2d 497, 500 (8th Cir.1990) (holding that ineffectiveness was not established by claim that "counsel should have realized that the Supreme Court was planning a significant change in the existing law, and that the failure to anticipate this change rises to the level of constitutional ineffectiveness" (cited in <u>Mayo</u>)).

<u>Second</u>, and as set forth above, counsel was not deficient in electing to forego litigating the validity of the § 924(c) charge because he chose instead to secure a global

resolution that covered all of the defendant's gunpoint robberies (and not just the one charged in the Indictment). Indeed, in exchange for, among other things, pleading guilty to one count of Hobbs Act robbery conspiracy and the associated brandishing of a firearm, the government agreed not to charge (or further charge) the defendant with:

> (i) committing and conspiring to commit a Hobbs Act robbery of Mill Park Pharmacy, located at 6602 Avenue U, Brooklyn, New York, which conduct took place on or about September 27, 2016; (ii) committing and conspiring to commit a Hobbs Act robbery of LivingWord Pharmacy, located at 957 Utica Avenue, Brooklyn, New York, which conduct took place on or about September 13, 2016; (iii) committing and conspiring to commit a Hobbs Act robbery of This Way Pharmacy, located at 3601 Quentin Road, Brooklyn, New York, which conduct took place on or about September 8, 2016; (iv) committing and conspiring to commit a Hobbs Act robbery of Cigar Land cigar store, located at 2069 Flatbush Avenue in Brooklyn, New York, which conduct took place on or about September 1, 2016; (v) committing and conspiring to commit a Hobbs Act robbery of Mill Barn Pharmacy, located at 5829 Avenue T in Brooklyn, New York, which conduct took place on or about August 16, 2016; and (vi) possessing and brandishing a firearm during the crimes identified in (i) through (v).

Plea Agmt. ¶ 5(a). By foregoing litigating the existing charges in the Indictment, counsel thereby secured protection for the defendant against future prosecution for four additional gun-point robberies, each of which could have resulted in charges of Hobbs Act robbery, Hobbs Act robbery conspiracy and possession and brandishing of a firearm. If convicted of these crimes – which the defendant admitted as part of his guilty plea – he would have faced multiple, consecutive mandatory minimum sentences far above those required by the guilty plea to Count Two. Accordingly, counsel's decision not to challenge the defendant's own guilty plea or to raise on appeal the possible due process claim—in the face of a binding appeal waiver and binding Circuit authority—was not deficient performance. See Ukpabi v.

15

United States, 2019WL 2568758, at *2 (E.D.N.Y. June 20, 2019) (observing that because there are "countless ways to provide effective assistance in any given case," a petitioner "must also overcome the presumption that counsel's actions were reasonable tactical and strategic decisions" (internal quotation marks and alterations omitted)).

Third, assuming the defendant's counsel was deficient in failing to foresee Davis and raise a void for vagueness challenge to Count Two – which he was not – the ineffective assistance of counsel claims fail because he cannot establish that he suffered any prejudice. Even if counsel successfully withdrew the guilty plea, and successfully had Count Two of the Indictment dismissed, the defendant could only have been worse off. Specifically, if the Section 924(c) offense predicated on Hobbs Act robbery conspiracy were dismissed, the government simply would have secured an indictment charging the defendant with substantive Hobbs Act robbery – which is categorically a crime of violence, see United States v. Hill, 890 F.3d 51 (2d Cir. 2018) – and a new associated Section 924(c) charge. Because the defendant acted as the getaway driver for this completed robbery, there is no doubt that he would have been indicted and subject to the same penalties charged in the Indictment. Because the defendant would have been in the exact same position had counsel done what the defendant complains he should have, he cannot establish prejudice as a matter of law. See Ukpabi, 2019 WL 256878, at *2 ("To satisfy the prejudice element of the Strickland test in the context of a guilty plea, petitioner would have to show that he would have been acquitted or at least received a shorter sentence after conviction." (internal quotation marks omitted)).

In fact, had counsel successfully had Count Two dismissed or the guilty plea withdrawn, the defendant would have been prosecuted for additional charges relating to the four other robberies the defendant committed and for which he received coverage in the plea agreement but was not charged. As noted above, the defendant could have been charged with, among other things, four counts of Hobbs Act robbery conspiracy, four counts of substantive Hobbs Act robbery and four counts of brandishing a firearm in furtherance of a crime of violence relating to the other robberies. These offenses – in addition to a revised § 924(c) charge relating to the substantive Hobbs Act robbery of the Mill Park Pharmacy that was the subject of the initial Indictment – would have left the defendant subject to a mandatory minimum sentence of at least 42 years' imprisonment.[1] Therefore, the defendant cannot establish that he suffered any prejudice from counsel's conduct, which shielded him from such liability. See Ukpabi, 2019 WL 256878, at *2; see also Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

---

[1] At the time of the defendant's appeal, successive § 924(c) charges in a single indictment each carried mandatory minimum sentences of 25 years' imprisonment, which would have left the defendant subject to a mandatory minimum sentence of 107 years' imprisonment for his five gun-point robberies. See 18 U.S.C. § 924(c)(1)(C)(i) (2016). Subsequently, Congress enacted the First Step Act which, among other things, clarified that the 25-year sentence for a successive § 924(c) conviction applies only after a prior § 924(c) conviction became final. See 18 U.S.C. § 924(c) (2019). Therefore, the estimate cited above assumes that First Step Act would have applied to any future charges but, at the time of the guilty plea, the penalties that the defendant faced were even more severe.

C. <u>The Defendant Is Not Entitled to a Hearing</u>

Here, the record "conclusively show[s] that prisoner is entitled to no relief," and, accordingly, summary dismissal of the instant petition is appropriate. <u>See</u> 28 U.S.C. § 2255. As set forth above, there are not material facts at issue; rather, the plea agreement's waiver forecloses his due process claim, and the other circumstances apparent from the record reveal that he received effective assistance of counsel. Accordingly, a hearing is not warranted. <u>See</u> <u>United States v. Stantini</u>, 85 F.3d 9, 17 (2d Cir. 1996) (finding no need for further factual development because defendant failed to raise plausible ineffectiveness claim regarding attorney's performance); <u>see also</u> <u>Santos v. United States</u>, 2014 WL 1653260, at *6 (E.D.N.Y. Apr. 24, 2014) (dismissing § 2255 petition without a hearing).

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court deny the defendant's motion for a writ of habeas corpus.

Dated:   Brooklyn, New York
         September 16, 2019

                                               Respectfully submitted,

                                               RICHARD P. DONOGHUE
                                               United States Attorney
                                               Eastern District of New York
                                               271 Cadman Plaza East
                                               Brooklyn, New York 11201

                                  By:     /s/
                                               Keith D. Edelman
                                               Assistant United States Attorney
                                               (718) 254-6328

cc:   Jeff Roselien, pro se (by certified mail)
      Inmate Number 89680-053
      Ray Brook FCI
      128 Ray Brook Road
      Ray Brook, NY 12977