UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JEFF ROSELIEN, *pro se*,                      :
                                              :
                         Petitioner,          :                 **MEMORANDUM AND ORDER**
                                              :
         -against-                            :                    16-cr-554 (DLI)
                                              :                    19-cv-4149 (DLI)
UNITED STATES OF AMERICA,                     :
                                              :
                         Respondent.          :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 16, 2019, Jeff Roselien ("Petitioner") filed a *pro se* motion to vacate, set aside or

vacate sentence pursuant to 28 U.S.C. § 2255 ("Petition") alleging that his conviction under 18

U.S.C. § 924 ("§ 924") must be vacated in light of *Davis v. United States*, 139 S. Ct. 2319 (2019)

and that he had received ineffective assistance of counsel during his guilty plea before this Court,

as well as on appeal. *See,* Petition ("Pet."), Dkt. Entry No. 100.[1]  The Government opposed the

Petition. *See*, Gov't Opp'n, Dkt. Entry No. 107.  Petitioner replied.  *See*, Pet.'s Rep., Dkt. Entry

No. 111.  For the reasons set forth below, the Petition is denied in its entirety.

**BACKGROUND**

Petitioner was the getaway driver for a robbery crew that robbed four (4) pharmacies at

gunpoint in Brooklyn in 2016.  *See*, Presentence Investigation Report ("PSR"), Dkt. Entry No. 59,

¶¶ 5-13.  Petitioner was indicted and charged in Count One with Hobbs Act robbery conspiracy

relating to one of the pharmacy robberies, in violation of 18 U.S.C. § 1951(a), and charged in

Count Two with unlawful possession and brandishing a firearm, in violation of 18 U.S.C. §§

---

[1]      Unless otherwise noted, all docket entries referred to in this Memorandum and Order are from the underlying
criminal case, *United States v. Jeff Roselien., et. al.*, Docket No. 16-cr-554 (DLI).

924(c)(1)(A)(i) and (ii).  *See*, Compl., Dkt. Entry No. 1; Indictment, Dkt. Entry No. 18; PSR ¶¶ 2-4.

On November 15, 2017, Petitioner pled guilty, under oath, to both counts of the Indictment pursuant to a plea agreement.  *See*, Guilty Plea Hr'g Tr. ("Guilty Plea Tr."), Dkt. Entry No. 89, at 28-29; PSR ¶ 1.  As part of the plea agreement, Petitioner stipulated to having committed three (3) additional Hobbs Act robberies in Brooklyn.  *See*, Guilty Plea Tr. at 27.  During the guilty plea proceeding, the Court explained, *inter alia*, the concept of Pinkerton liability, the Constitutional rights Petitioner was waiving by pleading guilty, the statutory penalties and estimated Sentencing Guidelines range, and confirmed that the written plea agreement accurately represents the entire understanding or agreement Petitioner had with the Government.  *See*, Guilty Plea Tr.  Petitioner, under oath, stated that he understood everything explained to him by the Court, admitted his involvement in the charged crimes, and the Court accepted his plea, finding there was a factual basis for the plea and Petitioner's guilty plea was made knowingly, intelligently and voluntarily. *Id*. at 28-32.

On May 21, 2018, Petitioner was sentenced to 36 months of imprisonment on Count One (Hobbs Act robbery conspiracy) and 84 months of imprisonment on Count Two (possessing and brandishing a firearm during a crime of violence), to run consecutively to the sentence on Count One.  *See*, Judgment, Dkt. Entry No. 74, at 2-3.  The term of imprisonment was to be followed by three years of supervised release on Count One and five years of supervised release on Count Two, with special conditions as to each count and the supervised release terms were to run concurrently with each other.  *Id*.  On June 18, 2018, Petitioner filed a notice of appeal.  *See*, Notice of Appeal, Dkt. Entry No. 76.  On February 6, 2019, the Second Circuit "dismiss[ed] this appeal as barred by

the waiver of appellate rights contained in [Petitioner's] plea agreement." *See*, Mandate of USCA, Dkt. Entry No. 93.

On June 24, 2019, the Supreme Court held that the residual clause under U.S.C. § 924(c)(3)(B) was void for vagueness. *See*, *United States v. Davis*, 139 S. Ct. 2319 (2019). On July 16, 2019, based on the Supreme Court's holding in *Davis*, Petitioner filed *pro se* this Petition moving to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). Petitioner claims that, in light of *Davis*, his conviction for unlawfully brandishing a firearm violates his due process rights and that he received ineffective assistance of counsel because of trial and appellate counsel's alleged failure to challenge Petitioner's § 924 conviction. *See generally*, Pet. The Government opposes, contending that Petitioner, as part of his plea agreement, waived his right to challenge any non-ineffective assistance of counsel claims and cannot establish any element of his ineffective assistance of counsel claims. Gov't Opp'n at 10-11.

## LEGAL STANDARD

In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations and internal quotation marks omitted).

A sentencing court may "vacate, set aside or correct" a conviction or sentence that was imposed "in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of

law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted).

"A defendant's knowing and voluntary waiver of the right to appeal is enforceable." *United States v. Branford*, 833 F. App'x 902, 904 (2d Cir. 2020) (citation omitted). The Second Circuit has upheld waiver provisions in circumstances where the sentence was collaterally attacked based on a residual clause that was found to be unconstitutionally vague. *See*, *Sanford v. United States*, 841 F.3d 578, 580-81 (2d Cir. 2016) (collecting cases). However, an ineffective assistance of counsel claim may be brought here in a collateral proceeding under § 2255. *See*, Mandate of USCA.

To succeed on an ineffective assistance of counsel claim, a petitioner must (1) show that "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" or (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 693 (1984)) (citing *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)). "Although a petitioner must satisfy both prongs to obtain relief, the Supreme Court has stated that "there is no reason for a court deciding an effective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy." *Strickland*, 446 U.S. at 689.

4

The Court must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted). Notably, "[a]n attorney's '[f]ailure to make a meritless argument does not amount to ineffective assistance.'" *Diaz v. Marshall*, 2011 WL 2802836, at *8 (E.D.N.Y. July 14, 2011) (quoting *United States v. Noble*, 363 F. App'x 771, 773 (2d Cir. 2010)). "In the context of a guilty plea, in order to satisfy the 'prejudice' prong, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Velasquez v. Ercole*, 878 F. Supp.2d 387, 406 (E.D.N.Y. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

Petitioner contends that his conviction for the unlawful possession/brandishing of a firearm pursuant to § 924(c) must be vacated in light of *Davis*, which held that § 924(c)(3)(B)'s residual clause was void for vagueness. *See*, Pet. at 8. The Government opposes based on Petitioner's sentencing of 120 months' imprisonment and his plea agreement "not to appeal or 'otherwise challenge,' by petition pursuant to 28 U.S.C. § 2255 . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 180 months or below." *See*, Gov't Opp'n at 11. Petitioner further argues that the plea agreement "does not consider a waiver based on the law of conviction becoming unconstitutionally void." *See*, Pet. Rep. at 3. However, ". . . the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Id*. (citing *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008)). Here, Petitioner agreed in his plea agreement not to appeal or challenge his conviction or sentence if the Court imposed a term of imprisonment of 180 months or below, which the Court did by sentencing Petitioner to 120 months' imprisonment. Moreover, Petitioner knowingly and voluntarily waived

his right to collaterally attack his conviction or sentence during the plea hearing. *See*, Guilty Plea Tr. at 28-32. Accordingly, Petitioner's due process claim is denied.

Petitioner also alleges that his trial and appellate counsels erred by not challenging his guilty plea and conviction on direct appeal based on vagueness pursuant to *Class v. United States*, 138 S. Ct. 798, 805 (2018) and *Davis*, respectively. *See*, Pet. at 5-6. The Government opposes because at the time of Petitioner's guilty plea and direct appeal, Hobbs Act robbery conspiracy, as charged in Count One, was categorically a crime of violence under the residual clause of 18 U.S.C. § 924(c)(3)(B) based on Second Circuit precedent and because Petitioner cannot establish prejudice. *See*, Gov't Opp'n at 14, 16.

"A reviewing court must therefore evaluate an attorney's performance in light of the state of the law at the time of the attorney's conduct." *Weingarten v. United States*, F.3d 48, 53 (2d Cir. 2017) (citing *Strickland*, 466 U.S. at 690). "Counsel is not required to forecast changes in the governing law." *Id*. (citation omitted). As such, Petitioner cannot satisfy the "objective standard of reasonableness" prong of the *Strickland* inquiry. In deciding an ineffective assistance of counsel claim, the Court need not address both prongs of the *Strickland* inquiry if the petitioner makes an insufficient showing on either one. *See*, *Strickland*, 466 U.S. at 694. Accordingly, Petitioner's ineffective assistance of counsel claims are denied.

Petitioner asserts that "a further inquiry is necessary in the form of a hearing" because the alleged "matters [that led to the ineffective assistance of counsel claims] took place outside the presence of the court . . . ." *See*, Pet. Rep. at 6. The decision to hold an evidentiary hearing is left generally to the Court's discretion. *See*, *Swerbilov v. United States*, 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977)). "Section 2255(b) provides that 'unless the motion and files and records of the case conclusively

6

show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing." *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (citing 28 U.S.C. § 2255(b)).  "[The Second Circuit has] interpreted this provision as requiring a hearing in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel." *Id*.

Where, as here, the Court has familiarity with the case, it can rely on such familiarity in dismissing a petition without a hearing.  *See*, *Stokes v. United States*, 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001) (citing *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990)); *See also*, *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2011) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) ("[A]lthough a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in district court for a full hearing") (internal quotation marks omitted).  Here, as evidenced by the analysis above, it is abundantly clear that the record is sufficient to enable the Court to decide Petitioner's ineffective assistance of counsel claims without an evidentiary hearing as he does not raise "a plausible claim of ineffective assistance of counsel." *Morales*, 635 F.3d 39, 45.  Given the Court's familiarity with the case, the Court finds in its discretion that an evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required.  *See*, *Chang*, 250 F.3d at 86.

### 

### REST OF PAGE INTENTIONALLY LEFT BLANK

###

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is denied in its entirety and Petitioner's request for an evidentiary hearing is denied as unnecessary.  Petitioner also is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *See* Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2023

                                     /s/
                            DORA L. IRIZARRY
                    United States District Judge